Cranch, C. J.,
was of opinion that evidence that the house was kept for a common gaming-house, for lucre and gain, where all persons, disposed to sport their property, were permitted to meet and gamble for money, is evidence of a disorderly house ; and referred to Ismenard’s case, in this Court, at December term, 1803. (1 Cranch, C. C. 160.)
Thruston, J., was of the same opinion, but was understood to contend, that, as the indictment was in the common form of an indictment for a disorderly house, charging, among other disorderly conduct, the permitting of gaming, only, and not specifying it to be kept as a common gaming-house, for lucre and gain, the United States could not succeed upon this indictment, although they should prove that the defendant kept a common gaming-house, for lucre and gain, where all persons disposed, &c., were permitted to meet and gamble for money.
Morsell, J., absent.
The jury having been adjourned to the next day, and the Court being full,
*721 Mr. Brent, for the defendant,'moved the Court to instruct the jury, “ that, if-they should be of opinion, from the evidence, that the defendant was the keeper of a room in which gaming was carried on, yet it does not support the charge in the indictment, which is for keeping a common disorderly house; and unless it be satisfactorily proved that he was the keeper of the house, he cannot be found guilty under the present indictment, but is entitled to a verdict of acquittal, unless the jury should be satisfied that other disorderly conduct has been proved.”
Mr. Brent and Mr. Dandridge, in support of this motion, contended that a disorderly room is not a disorderly house, and that the indictment should have been for keeping a public gaming-room for lucre and gain. 2 Chitty, 40; 3 Id. 674, 675; Arch-bold, 363; 3 Chitty, 678, n. k; Bac. Ab. Gaming, A.
Mr. Dunlop, contra, prayed the Court to instruct the jury, “ that, if they should be satisfied, from the evidence, that the defendant was the keeper of a room in the house of one Gran-tham, in which room common gaming was carried on, for the lucre and gain of the defendant, and under his management and control, then he is guilty of keeping a disorderly house, as charged in the second count of the indictment; ” and, in support of his prayer, cited 3 Chitty, 623; Regina v. Pierson, 2 Lord. Ray. 1197; S. C. 1 Salk. 382; 1 Russell, 299.
The Court (nem. con.) gave the first part of the instruction moved by Mr. Brent, namely, that if the jury should be of opinion, from' the evidence, that the defendant was the keeper of a room in which gaming was carried on, yet it does not support the charge in the indictment which is for keeping a common disorderly house.
But (ThRuston, J., contra,) refused to give the residue of that instruction.
And (ThRuston, J., contra,) gave the instruction prayed by Mr. Dunlop.
Verdict, not guilty.